IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UTILITY WORKERS UNITED ASSOCIATION, LOCAL 537,

      Plaintiff,

      vs.

UTILITY WORKERS' UNION OF AMERICA, AFL-CIO, et al.,

      Defendants.

No. 2:19-CV-1077-LPL

Magistrate Judge Lisa Pupo Lenihan

ECF Nos. 63, 67

## <u>ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT</u>

**AND NOW**, this 27th day of January, 2022, upon consideration of Plaintiff's Motion for Summary Judgment (ECF No. 63) and Defendants' Motion for Summary Judgment (ECF No. 67), for the reasons set forth in the Court's Memorandum Opinion of even date herewith, it is hereby **ORDERED** that:

1. Defendants' Motion is **DENIED**.

2. Plaintiff's Motion is **GRANTED IN PART**, as reflected in the Memorandum Opinion and this Order, and **OTHERWISE DENIED**.

3. Within 45 days of the date hereof, Defendants are to file with the Court and serve on Plaintiff an accounting of all funds, investments and property (the "Assets") of Utility Workers Union of America, AFL-CIO, Local 537 ("UWUA 537") possessed or controlled by Defendants at any time, including any accretions, earnings, and expenditures.

4. Contemporaneously with their filing of the foregoing accounting, Defendants are to file and serve a proposed allocation of the Assets between the subgroup of former UWUA 537 members now represented by Plaintiff, and the subgroup now represented by Defendant Utility Workers Union of America, AFL-CIO ("UWUA") and its affiliates, in accordance with the principles set forth below.

5.  Within 45 days after Defendants' filings of their accounting and proposed allocation, Plaintiff is to file and serve on Defendants either a concurrence in Defendants' proposed allocation, or a counter-proposed allocation of the Assets in accordance with the principles set forth below.

6.  The foregoing proposed allocations are to be guided by the following principles:

    a.  Books and records of a particular bargaining unit or District of UWUA 537 are to be allocated to the union (UWUA or Plaintiff) that now represents that bargaining unit or District.

    b.  "Social funds" attributable to a particular District are to be allocated to the union that now represents that District.

    c.  General funds, investments and earnings are to be allocated to UWUA and Plaintiff in proportion to the historical contributions to UWUA 537's funding of the bargaining units now represented by each union.

    d.  Expenditures for the separate benefit of one or more particular bargaining units or Districts are to be allocated against the union that now represents such bargaining unit(s) or District(s).

    e.  General expenditures are to be allocated against UWUA and Plaintiff in proportion to the historical contributions to UWUA 537's funding of the bargaining units now represented by each union which were represented by UWUA 537 at the time of the expenditure.

7.  Following submission of the parties' proposed allocations, this Court will enter a decree awarding final equitable relief.


BY THE COURT:

Lisa Pupo Lenihan
United States Magistrate Judge


cc:  All Counsel of Record
     Via Electronic Mail